UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| DARIEL L. SWORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-08-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Dariel Sword ("Sword") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 12, 13] Sword seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to supplemental security income benefits. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Sword.

**I.      LEGAL STANDARD**

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a

severe impairment. 20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial

gainful employment and has a severe impairment which is expected to last for at least twelve

months, which meets or equals a listed impairment, she will be considered disabled without

regard to age, education, and work experience.   20 CFR § 416.920(d).   Fourth, if the

Commissioner cannot make a determination of disability based on medical evaluations and

current work activity and the claimant has a severe impairment, the Commissioner will then

review the Claimant's residual function capacity (hereafter "RFC") and relevant past work to

determine if she can do past work.  If she can, she is not disabled.  20 C.F.R. § 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing

past work, the Commissioner will consider her RFC, age, education and past work experience

to determine if she can perform other work.  If she cannot perform other work, the Commissioner

will find the claimant disabled.  20 C.F.R. § 404.1520(f).  The Commissioner has the burden of

proof only on "the fifth step, proving that there is work available in the economy that the

claimant can perform."  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002),

(quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to

determining whether the ALJ's findings are supported by substantial evidence and whether the

correct legal standards were applied.  *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d

680, 683 (6th Cir. 1992).  The substantial evidence standard "presupposes that there is a zone

---

[1]     Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the
relevant Code of Federal Regulations.  What were previously 20 C.F.R. §§ 416.920(e) and (f) are now 20
C.F.R. §§ 416.920(f) and (g), respectively.

of choice within which decision makers can go either way, without interference from the court."

*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

-3-

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.      HISTORY AND PROCEEDINGS BEFORE THE ALJ

Sword was forty-nine years old at the time of the hearing before the ALJ. She has an eighth grade education and past work experience as a cashier and cleaning person. Sword claims that she became disabled on November 20, 2000, as a result of a combination of impairments which included low back pain, leg pain, anxiety and depression. Although Sword filed an earlier application for social security benefits in June 2001, that claim was denied. The claimant's present application for benefits was filed on September 26, 2002 (less than one month after her first claim for SSI benefits was denied). This claim was denied initially (January 13, 2003) and on reconsideration (May 22, 3003).

On June 7, 2004, an administrative hearing was held before ALJ Andrew Chwalibog in Prestonsburg, Kentucky, with respect to Sword's current application for SSI benefits. During this hearing, the ALJ heard testimony from Sword and Melissa Glannon, a vocational expert ("VE"). Thereafter, the ALJ issued a decision denying benefits to Sword. The ALJ concluded that Sword retained the residual functional capacity to perform a limited range of light work. [Transcript ("Tr."), pp. 17-18] Based on testimony from the VE, the ALJ further concluded that

Sword was capable of performing a significant number of jobs in the national economy.  [Tr.,

p. 18]

## III.     DISCUSSION

Sword's sole argument in this action is that the ALJ erred by failing to re-contact her

treating physician, Dr. Saraf.  The ALJ discounted Dr. Saraf's conclusion that Sword was unable

to work, noting that:

> No objective findings are given in support of [Dr. Saraf's disability
> determination], . . . and such limitations are supported only by a statement the
> claimant suffers from low back pain.  The treatment notes contain no abnormal
> objective findings involving the lower back.  In fact, examination has been normal
> except for findings of obesity and an umbilical hernia, and x-ray of the lumbar
> spine taken January 21, 2003 was completely normal.  As the treating physician's
> opinions are not supported by objective medical findings, the undersigned has
> given the same little weight.

[Tr., p. 17]

Sword argues that the ALJ should have re-contacted Dr. Saraf to "obtain additional

information and clarification of Dr. Saraf's opinions."  (Clmt.'s Br. at 4).

Title 20 C.F.R. Section 404.1512(e) provides, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating
> physician or psychologist or other medical source is inadequate for us to
> determine whether you are disabled, we will need additional information to reach
> a determination or a decision. To obtain the information, we will take the
> following actions.

> (1) We will first recontact your treating physician or psychologist or other
> medical source to determine whether the additional information we need is readily
> available. We will seek additional evidence or clarification from your medical
> source when the report from your medical source contains a conflict or ambiguity
> that must be resolved, the report does not contain all the necessary information,
> or does not appear to be based on medically acceptable clinical and laboratory
> diagnostic techniques. We may do this by requesting copies of your medical

source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

The ALJ was correct that the record did not support the conclusion that Sword was completely disabled. Unsupported conclusions, even from treating physicians, are not accorded any particular deference. 20 C.F.R. § 404.1527(d)(2). Substantial evidence in the record supported the ALJ's decision to reject Dr. Saraf's disability determination.

Thus, 20 C.F.R. §§ 404.1512(e) and 416.912(e) did not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Sword was disabled. There was no conflict or ambiguity in Dr. Saraf's report that required clarification. Rather, the problem with his report was its lack of objective evidence to support the claims and its inconsistency with the record.

Further, a Social Security Claimant is required to provide proof of his disability. 20 C.F.R. § 416.913(c). When the Claimant does not present all of the evidence to the Commissioner, the Commissioner makes her determination based upon the available information. 20 C.F.R. § 416.916. "It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If Sword wished to have the ALJ consider other evidence form Dr. Saraf, she should have provided it. She has not, however, even identified what evidence was lacking from the record before the ALJ. Instead, she has attempted to use an unrelated provision of the Code of Federal Regulations to require remand in search of

information: (1) she cannot even identify and (2) assuming such evidence exists, she was required to provide without assistance from the Commissioner.

The ALJ considered Dr. Saraf's disability determination and properly discounted it. Substantial evidence in the record supported this conclusion.

## IV.     CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, it is clear that the ALJ's opinion was supported by substantial evidence.  Accordingly, it is hereby

**ORDERED** as follows:

(1)     The claimant's Motion for Summary Judgment [Record No. 12] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 13] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 4th day of August, 2005.



Signed By:

**_Danny C. Reeves_** DCR

**United States District Judge**